IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARYANN HORAN, )
 )
    Plaintiff, )
 )
v. ) Civil Action No.:
 ) 5:20-CV-516OC30PRL
BROOKDALE HOME HEALTH, LLC, )
 )
    Defendant. )
_____)

## COMPLAINT

COMES NOW the Plaintiff, MARYANN HORAN, ("PLAINTIFF"), and files this Complaint against Defendant, BROOKDALE HOME HEALTH, LLC ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of the Family and Medical Leave Act ("FMLA").

2. At all material times, PLAINTIFF was a citizen and resident of Sumter County, Florida.

3. At all material times, DEFENDANT was a Delaware corporation, with its principal place of business in Brentwood Tennessee. DEFENDANT provides home healthcare to individuals, including individuals in Ocala, Florida and PLAINTIFF performed work for DEFENDANT in Ocala, Florida, and other locations.

## BACKGROUND

4. PLAINTIFF is a registered nurse. In 2013, DEFENDANT hired PLAINTIFF to provide home health services, including wound care and PLAINTIFF worked in that capacity until DEFENDANT terminated her.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by The Family and Medical Leave Act.

7. At all relevant times, PLAINTIFF was qualified to perform her job as a nurse.

8. In or around March 2020, PLAINTIFF learned she was going to need shoulder replacement surgery. The surgery was delayed until May 28, 2020 due to Covid-19 concerns.

9. Following her surgery, PLAINTIFF was instructed by her physician to remain out of work for 90 days to recover from the surgery.

10. PLAINTIFF recovered from her surgery and attempted to return from her medical leave of absence.

11. Initially, PLAINTIFF was told that DEFENDANT had a low census and that she would need to wait to return to work. Eventually, DEFENDANT'S scheduler contacted PLAINTIFF and asked if she could be available to work in late September. However, before PLAINTIFF could return to work, she was exposed to an individual who tested positive for Covid-19 and she needed to quarantine for two weeks.

12. PLAINTIFF quarantined, tested negative for the virus and attempted to return to work in October and planned to work on October 10, 2020.

13. DEFENDANT called PLAINTIFF on October 9, 2020, and told her that she could not work for DEFENDANT the following day because DEFENDANT had terminated her, purportedly pursuant to a policy that DEFENDANT uniformly terminates anyone who has missed over 90 consecutive days of work.

14. During the call, PLAINTIFF asked DEFENDANT what she needed to do to get reinstated and DEFENDANT told her that she would need to get a new background check and go through orientation. PLAINTIFF responded "okay" and DEFENDANT told her it was "just not worth it."

15. All conditions precedent to this action have occurred or been waived.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

16. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17. DEFENDANT employs and at the time of PLAINTIFF'S termination, employed within a 75 miles radius, 50 or more employees for each working day, during each of 20 or more workweeks per year/year prior.

18. In May 2020, PLAINTIFF advised DEFENDANT that she suffered from a serious health condition, namely a situation that required an operation for which she was required to be out of work for more than three consecutive days and which required follow-up treatment including x-rays and physical therapy.

19. When PLAINTIFF attempted to return to work, DEFENDANT initially told PLAINTIFF there was a low census and then terminated her purportedly because she had missed over 90 consecutive days of work.

20. DEFENDANT interfered with PLAINTIFF'S right to take unpaid leave from work

under the Family and Medical Leave Act and/or retaliated against her for doing so.

21. PLAINTIFF had a "serious health condition," namely an injury, impairment or physical condition that involved inpatient care in a hospital or other care facility, and continuing treatment by a health care provider.

22. PLAINTIFF gave appropriate notice of her need to be absent from work by notifying DEFENDANT as soon as practicable after she learned of the need for leave.

23. DEFENDANT retaliated against or otherwise interfered with the exercise of PLAINTIFF'S right to unpaid leave, *inter alia*, by: 1) terminating her employment; and 2) refusing to allow PLAINTIFF to return to her job, or to an equivalent position, upon return from leave.

24. Upon information and belief, DEFENDANT deliberately chose to avoid researching whether its conduct violated the FMLA or affirmatively evaded the law.

25. DEFENDANT'S violation of the FMLA was willful.

26. As the actual, proximate, and legal result of that violation, PLAINTIFF suffered significant economic harm, including lost wages and benefits.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, liquidated damages, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the FMLA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: October 21, 2020

        Respectfully submitted,

        **THE LAW OFFICE OF MATTHEW BIRK**

        **/s/ Matthew W. Birk**
        **Matthew W. Birk**
        Florida Bar No.: 92265
        309 NE 1st Street
        Gainesville, FL 32601
        (352) 244-2069
        (352) 372-3464 FAX
        mbirk@gainesvilleemploymentlaw.com
        ATTORNEYS FOR PLAINTIFF

The Law Office of Matthew Birk,
309 NE 1st Street, Gainesville, FL 32601

Golden Collum Memorial Federal Building
& U.S. Courthouse
207 N.W. Second Street
Ocala, Florida 34475

SCREENED BY USMS

www.gainesvilleemploymentlaw.com